Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*

| United States District Court Southern District of New York | 7:20-cv-02519 |
|---|---|
| Kansas Gilleo, individually and on behalf of all others similarly situated,  Plaintiff,  - against -  The J. M. Smucker Company,  Defendant | Class Action Complaint |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. The J. M. Smucker Company ("defendant") manufactures, distributes, markets, labels and sells caramel flavored syrup, under the Smucker's brand ("Product").

2. The Product is available to consumers from retail and online stores of third-parties and is sold in sizes including containers of 20 OZ.

3. The Product's relevant front label representations include "Smucker's," "Sundae Syrup," "Caramel Flavored Syrup" and pictures of the syrup on vanilla ice cream and a vanilla

1

milkshake.



4. Caramel is a type of confectionary product made from granulated sugar cooked until it caramelizes, combined with butter, heavy cream and vanilla extract.

5. The type of caramel flavor depends on its intended usage, such that a caramel flavor

may have more than one recognizable flavoring notes, i.e., "buttery," "maple" and/or "vanilla."[1]

6. The Product's intended application shown by its front label images to be an addition to vanilla ice cream and a vanilla milkshake.

7. Vanilla is known for its ability to produce a sensation of creaminess, which enhances the smoothness and richness as part of a caramel flavor.

8. Reasonable consumers will expect defendant's Caramel Flavored Syrup to have strong vanilla notes.

9. This is confirmed not only by home cooks who publish their recipes on the internet but by scientists and flavor companies.[2]

10. In consumer taste tests, Synergy Flavors concluded that "the dominant characteristics of the 'ideal' caramel are rummy, maple, buttery, and vanilla, with hints of fruity, burnt, and marshmallow."

11. When caramel was sampled as part of an ice cream topping – as defendant's Product purports to be – the flavor was "high on vanilla notes."

12. A recent scientific study of the volatile compounds present in caramel samples was describe by panelists as resembling vanilla.[3]

13. In caramel syrups, the "added vanilla flavor may be either natural, as in vanilla extract, or artificial, with vanillin being the most common."[4]

14. According to the industry textbook, Confectionery Science and Technology, "most caramel [and fudge] formulations call for vanilla flavor to complement the caramelization products

---

[1] Synergy Flavors, Inc., "Success with caramel flavors – an essential guide for product developers," April 20, 2011.
[2] Carlsbad Cravings, "Easy Creamy Caramel Sauce."
[3] Paravisini, Laurianne, et al. "Characterisation of the volatile fraction of aromatic caramel using heart-cutting multidimensional gas chromatography," Food chemistry 167 (2015): 281-289.
[4] Id.

and cooked butter flavor."[5]

15. The label makes direct representations that the characterizing flavor of the syrup is "Caramel," which given its depiction of use with vanilla ice cream and a vanilla milkshake, consumers will expect it to have vanilla notes which contribute to its characterizing caramel flavor. *See* 21 C.F.R. § 101.22(i) (requiring declaration of flavor to truthfully indicate whether the product's flavor is from a characterizing food ingredient or natural or artificial source materials).

16. The Product's ingredient list indicates "Vanillin (Artificial Flavor)," which means the vanilla taste of the Caramel Flavored Syrup is mainly due to a source other than vanilla beans.

> **INGREDIENTS:** CORN SYRUP, HIGH FRUCTOSE CORN SYRUP, NONFAT MILK, FRUCTOSE, MODIFIED CORN STARCH, CONTAINS 2% OR LESS OF: SALT, NATURAL FLAVOR, POTASSIUM SORBATE (PRESERVATIVE), POLYSORBATE 60, SODIUM CITRATE, SODIUM PHOSPHATE, CARAMEL COLOR, ==VANILLIN (ARTIFICIAL FLAVOR)==, YELLOW 6, RED 40.

17. If a product contains "any artificial flavor which simulates, resembles or reinforces the characterizing flavor," it must be identified in the flavor designation on the front label. *See* 21 C.F.R. § 101.22(i)(2); *compare with* 21 C.F.R. § 101.22(i)(1) ("no artificial flavor which simulates, resembles or reinforces the characterizing flavor").

18. Because vanilla is known for enhancing the flavor of caramel, it is misleading to not designate the Product as "Artificially Flavored Caramel Syrup." *See* 21 C.F.R. § 101.22(i)(2) ("If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing

---

[5] Richard W. Hartel et al, "Caramel, fudge and toffee," In Confectionery Science and Technology, p. 279. Springer, Cham, 2018.

4

flavor shall be accompanied by the word(s) 'artificial' or 'artificially flavored'").

19. The addition of vanillin from non-vanilla sources would still trigger the front label statement of "artificially flavored" even if the "Natural Flavor" contains some vanilla extract or vanilla flavoring.

20. No reasonable consumer would be expected to know that the Product gets most of its vanilla taste from the artificial flavor vanillin, even though they will expect the Product to have a vanilla taste commonly associated with caramel flavorings and syrups, especially where it is represented as being used with vanilla ice cream.

21. By not identifying the Product as being artificially flavored, consumers will expect the Product only contains natural flavors, which are preferred due to being from natural source material and made through a natural process.

22. Vanillin is the epitome of an artificial flavor, invented in a lab to imitate the flavor extracted from vanilla beans and is made from coal tar, petroleum byproducts or tree bark.

23. Had plaintiff and class members known the truth, they would not have bought the Products or would have paid less for it.

24. The Product contains other representations which are misleading and deceptive.

25. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.99 per 20 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

## Jurisdiction and Venue

26. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

27. Under CAFA, district courts have "original federal jurisdiction over class actions

involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

28. Plaintiff Kansas Gilleo is a citizen of New York.

29. Defendant is a Ohio corporation with a principal place of business in Orrville, Wayne County, Ohio and is a citizen of Ohio.

30. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

31. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

32. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

33. Plaintiff Kansas Gilleo is a citizen of New York, Westchester County, New York.

34. Defendant The J. M. Smucker Company is a Ohio corporation with a principal place of business in Orrville, Ohio, Wayne County.

35. During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product did not contain any artificial flavors and/or that the expected vanilla flavor notes were due to real vanilla instead of the artificial flavor, vanillin.

## Class Allegations

36. The classes will consist of all purchasers of the Product in New York and the other forty-nine (49) states during the applicable statutes of limitations and a national class where applicable.

37. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

38. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

39. Plaintiff is an adequate representatives because her interests do not conflict with other members.

40. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

41. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

42. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

43. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statute)</u>

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

46. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

47. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

48. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair

because it gives the impression to consumers the Product did not contain any artificial flavors and/or that the expected vanilla flavor notes were due to real vanilla instead of the artificial flavor, vanillin.

49. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

50. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

53. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product did not contain any artificial flavors and/or that the expected vanilla flavor notes were due to real vanilla instead of the artificial flavor, vanillin.

54. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

55. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

56. The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

57. Plaintiff and class members reasonably and justifiably relied on these negligent

misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

58. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

59. Plaintiff incorporates by reference all preceding paragraphs.

60. The Products were manufactured, labeled and sold by defendant and warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

61. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

62. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

63. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

64. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years.

65. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

66. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Fraud

67. Plaintiff incorporates by reference all preceding paragraphs.

68. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product did not contain any artificial flavors and/or that the expected vanilla flavor notes were due to real vanilla instead of the artificial flavor, vanillin.

69. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were not true nor accurate.

70. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

71. Plaintiff incorporates by reference all preceding paragraphs.

72. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages and interest pursuant to the common law and other statutory

    claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: March 24, 2020

                                                  Respectfully submitted,

                                                  Sheehan & Associates, P.C.
                                                /s/Spencer Sheehan
                                                Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*

7:20-cv-02519
United States District Court
Southern District of New York

Kansas Gilleo, individually and on behalf of all others similarly situated,

                              Plaintiff,

    - against -

The J. M. Smucker Company,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
 Great Neck NY 11021-5101
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: March 24, 2020

                                                                   /s/ Spencer Sheehan
                                                                     Spencer Sheehan